UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KISHA PRINCE, DARYL PRINCE, JUSTICE PRINCE, KHLOE PRINCE,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT POLICE DEPARTMENT, DETECTIVE HOQUIN, DETECTIVE GAGHES,<br><br>Defendants. | Case No: C 13-1366 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND STRIKING PLAINTIFFS' UNAUTHORIZED SECOND AMENDED COMPLAINT**<br><br>Docket 10, 14 |

Plaintiffs Kisha Prince and Daryl Prince, along with minor children, Justice Prince and Khloe Prince, bring the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants City of Fremont Police Department ("FPD"), Detective Craig Gaches (erroneously sued as Detective Gaghes) and Detective Anthony Holguin (erroneously sued as Detective Hoquin). The action arises out of an incident occurring on May 30, 2012, during which Fremont police officers engaged in a vehicle pursuit of Daryl which ultimately resulted in his arrest.[1]

The parties are presently before the Court on Defendants' unopposed Motion to Dismiss Plaintiffs' Complaint or For a More Definite Statement. Dkt. 10. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. In addition, the Court sua sponte STRIKES Plaintiffs' unauthorized second amended complaint from the record.

---

[1] To avoid confusion, the Plaintiffs will be referred to by their first names.

Dkt. 13. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

The following facts are taken from Plaintiffs' handwritten Amended Complaint originally filed in the Alameda County Superior Court on March 1, 2013. See Notice of Removal, Ex. A ("Am. Compl."), Dkt. 1. The complaint is not a model of clarity and is extraordinarily difficult to decipher. Nonetheless, it appears that on or about May 30, 2012, Plaintiffs' vehicle was being pursued by Detective Holguin in an unmarked police van near Irvington High School in Fremont, California. Id. at 1. At some point, Plaintiffs' vehicle crashed, causing all of the Plaintiffs to suffer personal injuries. Id. at 2-3. Daryl was charged with six felonies, including child endangerment and kidnapping, among other charges (which are not specified). Plaintiffs allege that Defendants' actions "violated State and Federal laws and the Constitutional Rights [sic]." Id. at 3. The Complaint also appears to allege a state law cause of action for negligence.[2] Plaintiffs seek $800,000 in damages. .

Kisha originally filed a Complaint in Alameda County Superior Court on behalf of herself, Daryl, Justice and Khloe, on November 12, 2012. Mot. at 2. On March 1, 2013, Plaintiffs filed an Amended Complaint, which, apparently unlike the original Complaint, included some details regarding the incident giving rise to this action.[3] On March 27, 2013, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds that this Court has original jurisdiction over Plaintiffs' claims. Dkt. 1.

On April 2, 2013, Defendants filed the instant motion to dismiss or for a more definite statement under Rule 12(b)(6) and 12(e), respectively. Dkt. 10. Plaintiffs did not file a response to the motion. Instead, on May 20, 2013, Plaintiffs filed a Second Amended

---

[2] Plaintiffs filed their complaint using the California Judicial Council form and checked the box for "general negligence." Am. Compl. ¶ 10.

[3] Defendants neglected to attach a copy of the original Complaint to their Notice of Removal as required by statute. See 28 U.S.C. § 1446(a) (stating that a removal notice must include "a copy of *all* process, pleadings, and orders served upon such defendant or defendants in such action.") (emphasis added). Defendants are ordered to file an amended Notice of Removal which corrects this deficiency.

Complaint ("SAC"), which is styled as "Complaint for Recovery and Damages of Environment Law Suit [sic] Amended Complaint #2." Dkt. 13.[4] Briefing on the motion to dismiss is closed and the matter is now ripe for adjudication.

## II. LEGAL STANDARD

Pleadings in federal court actions are governed by Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed under Rule 12(b)(6) for failure to state a cognizable legal theory or insufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). In addition, a pleading filed by a pro se plaintiff must be liberally construed. Balistreri, 901 F.2d at 699.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must afford the defendants with "fair notice" of the claims against them, and the grounds upon which the claims are based. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Where a complaint or claim

---

[4] Defendants have filed a motion to strike the SAC which is noticed for July 30, 2013. However, the Court sua sponte strikes the SAC on the ground that Plaintiffs neither sought nor obtained prior leave of Court to file a SAC. Thus, Defendants' motion to strike is denied as moot.

is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

## III. DISCUSSION

Defendants' motion to dismiss presents the following arguments: (1) Justice and Khloe are minors who, in the absence of a guardian ad litem, lack the capacity to sue; (2) the pleadings fail to allege facts sufficient to state a claim for municipal liability; and (3) there are insufficient facts alleged to maintain a cause of action for negligence. The Court discusses each of these contentions, in turn.

### A. MINORS' STANDING TO SUE

Rule 17 of the Federal Rules of Civil Procedure requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); cf. Johns v. San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (affirming dismissal of minor-plaintiff, noting that "[b]ecause Casey is a minor, he lacked the capacity to sue on own"). In addition, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns, 114 F.3d at 877 (9th Cir. 1997). Since there is nothing in the record to indicate that either Daryl or Kisha is an attorney, neither can maintain the instant action on behalf of their minor children.

Even if Justice and Khloe were represented by a guardian ad litem and counsel, they lack standing to pursue Fourth Amendment claims based on the alleged violation of their parents' rights. "'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.'" Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998) (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)). "Thus, the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights." Id. Therefore, Justice and Khloe cannot recover for any Fourth Amendment violations suffered by their parents. See Anderson v. District Attorney Office, No. 11-CV-0572-IEG (MDD), 2011 WL 6013274, *12 (S.D. Cal. Dec. 1, 2011).

In sum, the claims of Justice and Khloe are DISMISSED WITH LEAVE TO AMEND. Leave to amend is conditioned upon Plaintiffs' retention of counsel and the appointment of a guardian ad litem. In addition, to the extent that Plaintiffs are alleging that Justice and Khloe's Fourth Amendment rights were violated, they must allege facts to support such a claim.

### B. MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating federal rights elsewhere conferred. See Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).

Under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), a government entity may be held liable under § 1983 if a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. Id. at 694. To establish a municipal liability claim, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the defendant had a policy, custom or practice; (3) the policy, custom or practice amounted to a deliberate indifference to his constitutional rights; and (4) the policy, custom or practice was the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Mabe v. San Bernadino County, Dept. of Public Social Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001)).

Plaintiffs' § 1983 claim against the FPD fails for at least two reasons. First, the FPD is not a proper party to such a claim. Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983. Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995). Second, to the extent that the

actual target of Plaintiffs' municipal liability claim is the City of Fremont, the FAC lacks sufficient allegations to establish liability under Monell. Accordingly, Plaintiffs' municipal liability claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff is granted leave to substitute the City of Fremont in place of the FPD and to allege additional facts sufficient to state a claim for municipal liability under § 1983.

### C. NEGLIGENCE CLAIM

The FAC appears to present a claim for negligence. "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). Here, it is unclear what particular conduct by Defendants, if any, is alleged to give rise to a claim for negligence. Because Plaintiffs' vague and conclusory allegations fail to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests," Plaintiffs' negligence claim is not "plausible" at this juncture. Twombly, 550 U.S. at 555 (internal quotations omitted). Thus Plaintiffs' negligence claim is DISMISSED WITH LEAVE TO AMEND.[5]

### D. UNAUTHORIZED SECOND AMENDED COMPLAINT

A party has a right to amend his complaint "once as a matter of course" within "21 days after serving it" or "21 days after service of a responsive pleading or . . . after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Here, Defendants filed the instant motion to dismiss on April 2, 2013, meaning that Plaintiffs had until April 23, 2013 to file an amended complaint, as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Since Plaintiffs did not amend within that time-frame, they were required to first seek leave (i.e., permission) before filing their SAC. Thus, in light of

---

[5] In amending the pleadings, Plaintiffs should be aware that under the California Tort Claims Act, the City of Fremont is a "public entity" presumptively immune from tort liability. Cal. Gov. Code §§ 815(a), 811.2. The Act nevertheless specifies the situations in which a public entity may be (1) directly liable for injuries, id. §§ 815.4, 815.6, 818.5; or (2) vicariously liable for injuries caused by its employees, id. § 815.2(a); see Bradford v. State of Calif., 36 Cal.App.3d 16, 20-21 (1973) (public entity has both direct and vicarious liability).

Plaintiffs' failure to request or obtain such leave, the Court sua sponte strikes the SAC filed on May 20, 2013. As discussed above, however, Plaintiffs are granted leave to file a SAC that rectifies the deficiencies discussed above.

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED, and their alternative motion for a more definite statement (Dkt. 10) is DENIED as moot.

2. Plaintiffs shall have twenty-one (21) days from the date this Order is filed to file a Second Amended Complaint, consistent with the Court's rulings. Plaintiffs are advised that any additional factual allegations set forth in their Second Amended Complaint must be made in good faith and consistent with Rule 11.

3. Plaintiffs' Second Amended Complaint (Dkt. 13) shall be STRICKEN from the record.

4. Defendants' motion to strike (Dkt. 14) is DENIED as moot.

5. Within seven (7) calendar days of the date this Order is filed, Defendants shall file an amended Notice of Removal which attaches all of the documents filed in this action while it was pending in state court. The failure to timely comply with said requirement may result in the imposition of sanctions.

6. This Order terminates Docket 10 and 14.

IT IS SO ORDERED.

Dated: June 20, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KISHA PRINCE et al,

        Plaintiff,

  v.

FREMONT POLICE DEPT et al,

        Defendant.
_____/

Case Number: CV13-01366 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daryl Prince
P.O. Box 4
Sunol, CA 94586

Kisha Prince
P.o. Box 4
Sunol, CA 94586

Dated: June 20, 2013

                                     Richard W. Wieking, Clerk

                                       By: Lisa Clark, Deputy Clerk