UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KISHA PRINCE, DARYL PRINCE, JUSTICE PRINCE, KHLOE PRINCE,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT POLICE DEPARTMENT, DETECTIVE HOQUIN, DETECTIVE GAGHES,<br><br>Defendants. | Case No: C 13-1366 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

Plaintiffs Kisha Prince and Daryl Prince, along with their minor children, Justice Prince and Khloe Prince, filed the instant pro se civil rights action against defendants City of Fremont Police Department ("FPD"), Detective Craig Gaches (erroneously sued as Detective Gaghes) and Detective Anthony Holguin (erroneously sued as Detective Hoquin), pursuant to 42 U.S.C. § 1983. On June 20, 2013, the Court granted Defendants' motion to dismiss, which was brought under Federal Rule of Civil Procedure 12(b)(6). Dkt. 16. The Court granted Plaintiffs twenty-one days, i.e., until July 11, 2013, to file an amended complaint. At the Case Management Conference held on June 27, 2013, Plaintiffs were reminded that their amended complaint was due by July 11, 2013. To date, no amended complaint has been filed.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The failure to amend following the dismissal of a complaint with leave to amend is grounds for dismissal. Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend

1  his complaint after the district judge dismisses the complaint with leave to amend, the
2  dismissal is typically considered a dismissal for failing to comply with a court order rather
3  than for failing to prosecute the claim."). In considering whether to dismiss a case under
4  Rule 41(b), "the district court must weigh the following factors . . . : (1) the public's
5  interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
6  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
7  cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell,
8  Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421,
9  1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support
10 dismissal ... or where at least three factors 'strongly' support dismissal." Hernandez v. City
11 of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

12     In consideration of its obligation to consider less drastic sanctions than dismissal, the
13 Court will afford Plaintiffs an opportunity to show cause why the instant action should not be
14 dismissed under Rule 41(b) for failure to comply with a court order. Accordingly,

15     IT IS HEREBY ORDERED THAT Plaintiffs shall show cause why the instant action
16 should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to comply with
17 a court order. Within fourteen (14) days of the date this order is filed, the parties shall file a
18 written memorandum, supported with a declaration if appropriate, to explain why the case
19 should or should not be dismissed, taking into account the five factors set forth above. In
20 addition, the memorandum shall set forth the nature of the cause, its present status, the reason it
21 has not been brought to trial or otherwise terminated, any basis for opposing dismissal and its
22 expected course if not dismissed. FAILURE TO FULLY COMPLY WITH THIS ORDER
23 WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT
24 FURTHER NOTICE.

25     IT IS SO ORDERED.
26 Dated: August 9, 2013

                                   *Saundra B Armstrong*
                                   SAUNDRA BROWN ARMSTRONG
27                                 United States District Judge
28