UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KISHA PRINCE, DARYL PRINCE, JUSTICE PRINCE, KHLOE PRINCE,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT POLICE DEPARTMENT, DETECTIVE HOQUIN, DETECTIVE GAGHES,<br><br>Defendants. | Case No: C 13-1366 SBA<br><br>**ORDER DISMISSING ACTION** |

Plaintiffs Kisha Prince and Daryl Prince, along with their minor children, Justice Prince and Khloe Prince, filed the instant pro se civil rights action in state court against defendants City of Fremont Police Department (FPD), Detective Craig Gaches (erroneously sued as Detective Gaghes) and Detective Anthony Holguin (erroneously sued as Detective Hoquin), pursuant to 42 U.S.C. § 1983. Defendants removed the action to this Court on March 27, 2013.

On June 20, 2013, the Court dismissed all claims alleged in the complaint and granted Plaintiffs leave to file an amended complaint within twenty-one days, i.e., by no later than July 11, 2013. At the Case Management Conference held on June 27, 2013, Plaintiffs were reminded that their amended complaint was due by July 11, 2013. To date, Plaintiffs have not filed their amended complaint, as ordered.

On August 9, 2013, the Court issued an Order to Show Cause (OSC) directing Plaintiffs to show cause why the instant action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, based on their failure to comply with the Court's order to file an amended complaint. See Yourish v. California Amplifier, 191

F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order"). Plaintiffs had until August 23, 2013, to respond to the OSC, and were warned that the failure to timely respond would result in the dismissal of the action without further notice. Plaintiffs have not responded to the OSC or otherwise communicated with the Court.[1]

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992); Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990. This is particularly true here, where Plaintiffs have repeatedly failed to comply with the Court's orders to file an amended complaint, respond to the OSC or respond to Defendant's

---

[1] Apart from the OSC issued by the Court sua sponte, Defendant City of Fremont filed a motion to dismiss for failure to prosecute on July 24, 2013. Dkt. 27. Under Civil Local Rule 7-3(a), an opposition to a motion must be filed within fourteen days of the date the motion was filed. As such, Plaintiffs' response to the motion should have been filed by no later than August 14, 2013. To date, Plaintiffs have not filed any response to Defendant's motion. This Court's Standing Orders warn that the failure to file a response to a motion may be construed as consent to the relief sought in the unopposed motion. Dkt. 9 at 5.

pending motion to dismiss.  Such conduct has interfered with the Court's ability to enter a pretrial schedule and set a trial date.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiffs have offered no explanation for its failure to respond nor is any apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). (per curiam).

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  The Court's OSC explicitly warned Plaintiffs that the failure to respond to the OSC would result in the dismissal of the action.  Likewise, the Court's Standing Orders warn that the failure to respond to a motion may be construed as a consent to the granting of the relief requested in the motion—which, in this case, is dismissal of the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

1 | In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting dismissing the action.  <u>Id.</u> (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice for failure to prosecute, pursuant to Rule 41(b).

IT IS SO ORDERED.

Dated:  August 27, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge