UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KISHA PRINCE, DARYL PRINCE, JUSTICE PRINCE, KHLOE PRINCE,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT POLICE DEPARTMENT, DETECTIVE HOQUIN, DETECTIVE GAGHES,<br><br>Defendants. | Case No: C 13-1366 SBA<br><br>**ORDER VACATING DISMISSAL, REOPENING ACTION, AND REMANDING ACTION TO STATE COURT** |

Plaintiffs Kisha Prince and Daryl Prince, along with their minor children, Justice Prince and Khloe Prince, filed the instant pro se civil rights action in state court against defendants City of Fremont Police Department, Detective Craig Gaches (erroneously sued as Detective Gaghes) and Detective Anthony Holguin (erroneously sued as Detective Hoquin), alleging that Defendants violated their rights under the federal and state constitutions. On March 27, 2013, Defendants removed the action under 28 U.S.C. § 1441(a) on the grounds that Plaintiffs' claims arise under federal law. Dkt. 1.

On June 20, 2013, the Court dismissed the Complaint with leave to amend and ordered Plaintiffs to file an Amended Complaint by July 11, 2013. Dkt. 21. Plaintiffs failed to file their Amended Complaint by the specified deadline. Thus, on August 9, 2013, the Court issued an Order to Show Cause re Dismissal (OSC), pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 28. Plaintiffs had until August 23, 2013, to file a response to the OSC and were warned that the failure to do so would result in the dismissal of the action. Plaintiffs filed nothing by the August 23rd deadline.

On August 26, 2013, Plaintiffs Kisha Prince and Daryl Prince filed a document styled as, "Extend Amended Complaint #2," in which they purport to explain their delay in

1    filing their Amended Complaint.  Dkt. 34.  The following day, on August 27, 2013,
2    Plaintiffs lodged their Amended Complaint, which alleges causes of action for violation of
3    the California Unruh Act, Retaliation with Malicious Prosecution and General Negligence.
4    Dkt. 35.  Finally, on August 28, 2013, Plaintiffs submitted a letter in which they apologize
5    for filing their Amended Complaint in an untimely manner.  Dkt. 36.  Plaintiffs explain that
6    they had retained a paralegal to assist in the preparation of their Amended Complaint, but
7    that she "disappeared and has not been heard from since."  Id.[1]

8         Plaintiffs' responses to the OSC and their Amended Complaint are untimely and the
9    explanation for their delay is questionable.  At the same time, there is no indication that
10   Defendants have been prejudiced by Plaintiffs' delay.  As such, in light of the strong
11   preference for cases to be resolved on the merits, see In re Hammer, 940 F.2d 524, 525 (9th
12   Cir. 1991), the Court will permit and consider Plaintiffs' late filings, see Applied
13   Information Sciences Corp., v. eBay, Inc., 511 F.3d 966, 969 n.1 (9th Cir. 2007) (district
14   court has discretion to consider untimely papers); Balistreri v. Pacifica Police Dep't, 901
15   F.2d 696, 699 (9th Cir. 1990) (pro se submissions must be liberally construed).  Therefore,
16   the Court discharges the OSC, and, in its discretion, accepts Plaintiffs' Amended Complaint
17   for filing.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.
18   2003) (noting that under Federal Rule of Civil Procedure 15(a), leave to amend should be
19   permitted with "extreme liberality.").

20        The Court notes that in their Amended Complaint, Plaintiffs no longer are pursuing
21   any federal claims or claims arising under federal law against Defendants.  Only state
22   statutes are alleged in the Amended Complaint.  A district court may decline to exercise
23   supplemental jurisdiction if there are no longer any pending claims over which it has
24   original jurisdiction.  28 U.S.C. § 1367(c)(3); Sanford v. MemberWorks, Inc., 625 F.3d

---

[1] The Court inadvertently entered its dismissal order and judgment on August 27, 2013, without first having had the benefit of reviewing Plaintiffs' putative response to the OSC or proposed Amended Complaint.  Therefore, the Court sua sponte vacates the dismissal order and judgment in accordance with Federal Rule of Civil Procedure 60(b).  See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999).

550, 561 (9th Cir. 2010). As such, the Court finds that the interests of judicial economy, convenience, fairness, and comity weigh in favor of remanding the action to state court. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").[2]

Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Order of Dismissal (Dkt. 32) and Judgment (33) are VACATED, and the action shall be reopened.

2. The OSC (Dkt. 28) issued on August 9, 2013, is DISCHARGED.

3. The Amended Complaint (Dkt. 35) lodged by Plaintiffs on August 27, 2013, shall be filed and entered into the docket.

4. The instant action is REMANDED to the Alameda County Superior Court.

5. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: August 30, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] For the benefit of Plaintiffs, a "remand" means that the case will be returned to state court. All further proceedings will take place in the Alameda County Superior Court, not in this Court.

- 3 -